## Commonwealth ex rel. v. Lowe

*Kunkle, Walthour & Trescher*, for plaintiff.
*Frederick T. Seymour*, for defendant.

LAIRD, J., March 18, 1941.—This matter comes before us on a petition for an alternative writ of mandamus. Relator, Henry K. Weinberg, secured a judgment in the amount of $246.38 against one Charles Goldberg, in the office of defendant, Clyde H. Lowe, who is a justice of the peace in the Borough of Mt. Pleasant, Pa.

Relator alleges that he has requested the justice to grant execution against the goods and chattels of the judgment debtor, but that this request has been refused. The justice denies that such request has been made, and

avers that Henry K. Weinberg called him, Clyde H. Lowe, on the telephone and informed him that the case had been settled, whereupon he alleges that he marked the action in his docket as "settled". Defendant's answer further states that "thereafter defendant refused to issue execution in this case, for the reason that in his judgment the case had been adjusted".

We are of opinion that the justice of the peace is in error in refusing to issue the execution requested by the judgment plaintiff. Until the judgment has been satisfied by the judgment plaintiff on the justice's record, or until defendant pays the amount of the judgment and costs to the justice, the judgment remains open, and it is the duty of the justice to grant execution.

The Act of March 20, 1810, P. L. 208, 42 PS §831, appears to be mandatory. That act provides, inter alia:

". . . and if the amount of the judgment is not paid to the justice as aforesaid, he shall grant execution, if required by the plaintiff or his agent. . . ."

It is, in our opinion, immaterial that the justice believes the matter to have been "adjusted". If the judgment was erroneous, the judgment debtor had his remedy by appeal or certiorari. If the execution should be erroneous, the judgment debtor would still have his remedy at law. It is neither the duty nor the right of any third person to attack collaterally the validity of the judgment which plaintiff therein secured against defendant: Lowber & Wilmer's Appeal, 8 W. & S. 387.

It is not shown on behalf of the justice that the judgment debtor has adopted any of the remedies open to him for the purpose of setting aside or vacating the judgment or staying or raising any objection to the requested execution. If the amount of the judgment and costs has been paid by defendant therein, he should have proceeded by giving written notice to plaintiff to satisfy the judgment on the justice's docket.

The Act of March 20, 1810, P. L. 208, 42 PS §811, provides:

"Any person or persons, who shall not, within thirty days after written notice to him, her or them, given of the payment of any judgment, together with costs, in his, her or their favor, before any justice of the peace, either by themselves or their agents, enter satisfaction on the docket or execution of the justice, they shall be subject to a penalty of one-fourth of the amount of the debt paid, for the use of the party aggrieved, except where one of the defendants, if there be more than one, shall, by a writing to be filed by him in the office of such justice, within fifteen days after the payment, forbid the plaintiff so to do."

As we have indicated, we believe that defendant herein has not shown any cause why he should not grant execution on the judgment. If there be some objection to the issuance of an execution, it is incumbent, not upon the justice of the peace, but upon defendant in the judgment and execution to raise such objection.

Relator has a right to an execution under the act of assembly, and the justice has no discretion in the matter: Commonwealth, ex rel. Lowenthal, v. Smith, etc., 3 W. N. C. 95.

And now, to wit, March 18, 1941, after argument and after due and careful consideration, it is ordered, adjudged, and decreed that the rule heretofore granted on October 15, 1940, be and the same hereby is made absolute and judgment be and the same hereby is entered in favor of relator, Henry K. Weinberg, and against defendant, Clyde H. Lowe; and it is further ordered and decreed that a peremptory writ be and the same hereby is awarded and that the prothonotary issue the same forthwith upon Clyde H. Lowe, defendant, directing the said Clyde H. Lowe, justice of the peace, to grant plaintiff, Henry K. Weinberg, execution against defendant, Charles Goldberg, on the judgment heretofore entered on the docket of the said justice of the peace on March 7, 1940, in favor of Henry K. Weinberg and against Charles Goldberg.